**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: **12-01394-hb**

**ORDER**

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/07/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 05/07/2012

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 12-01394-HB |
| | Chapter 13 |
| Kim Merton Adams and Chastity Veronica Adams, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** came before the Court for hearing on April 26, 2012, pursuant to the *Motion to Return Vehicle/Motion for Damages* directed to ABU Auto Sales, filed by Debtors, appearing *pro se*.[1] The Court heard the matter promptly on May 3, 2012, pursuant to the Court's order and notice that granted Debtors' request to expedite the hearing.[2] On April 26, 2012, the Court served notice of the hearing, with the Motion(s) attached, on creditor ABU via first class mail.[3] Mazen Abu Shanab appeared at the hearing as a representative of ABU. The Debtors and the Chapter 13 Trustee were also present.

**BACKGROUND AND FACTS**

This case was filed on March 2, 2012. The Debtors' petition was filed without schedules and statements. Additionally, while the documents included a statement indicating that the Debtors had participated in credit counseling, no Certificate of Credit Counseling required by 11 U.S.C. § 109[4] was submitted to indicate that Debtors were eligible to file the case. The bankruptcy petition disclosed that Debtors have previously filed bankruptcy two times, with one of those cases dismissed within the past year for

---

[1] Doc. No. 40.
[2] Doc. No. 42.
[3] Doc. No. 43.
[4] Further reference to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, will be by section number only.

1

failure to make plan payments.[5] The Debtors were represented by bankruptcy counsel in both of those prior cases.

In the instant case, Debtors' petition included a mailing matrix; however, ABU was not listed thereon. A Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was issued by the Court on March 5, 2012, but was not served on ABU since Debtors did not include this creditor in its filings. At the hearing on this matter, the Debtors stated that they failed to list ABU because they "misunderstood" the requirement to list all creditors.

On March 7, 2012, the trustee filed a proposed *Order Dismissing Case and Rule to Show Cause* asking the Court to dismiss the case as a result of Debtors' failure to file the Certificate and therefore qualify as debtors.[6] The pleading asked for *ex parte* dismissal pursuant to the Court's local rules and applicable authorities,[7] listed Debtors' prior unsuccessful filings, and scheduled a hearing to consider whether the dismissal order should subsequently be amended to include a prejudice period of one year. The Court signed that order on March 14, 2012, dismissing the case and scheduling the subsequent show cause hearing for May 3, 2012.[8]

On March 16, 2012, Debtors filed a document captioned "Letter of Objection and Reason(s) to Show Cause,"[9] which attached the schedules and statements that were due to complete the filing and included a Certificate indicating that, even though the document was not on file with the Court, Debtors had participated in a credit counseling course on

---

[5] *See* C/A No. 08-02380-hb, filed on Apr. 21, 2008, and dismissed on Dec. 12, 2008, for failure to make plan payments; C/A No. 11-00743-hb, filed on Feb. 7, 2011, and dismissed on Feb. 8, 2012.
[6] Doc. No. 7.
[7] *See* SC LBR 1007-I.
[8] Doc. Nos. 11 & 17.
[9] Doc. No. 13.

2

the date the bankruptcy case was filed. The document asked that the dismissal of the case be reconsidered because Debtors believed the Certificate was included in the original filing and they actually participated in the counseling on the Bankruptcy Court's premises in Columbia, South Carolina, before filing their case.[10] The pleading did not indicate that it had been served on any party nor did it request a hearing prior to the May 3, 2012, date. Additionally, the extent of the relief requested was not completely clear.[11]

The Court treated the pleading as Debtors' request to reconsider the dismissal of their case and scheduled a hearing for the next available date of April 5, 2012.[12] The Debtors appeared at that hearing and stated that they participated in the counseling at the Court and thought that the Certificate would be automatically filed. Finding this explanation understandable—and due to the fact that the certificate was actually on file at that time, along with Debtors' schedules and statements—the Court entered an *Order Granting Debtors' Motion to Reconsider Dismissal of Case and Vacating Dismissal Order* on April 5, 2012.[13] At that hearing, the Court also discussed with Debtors the fact that the case was more than thirty days old and as a result of their prior filings, the automatic stay of § 362 likely had expired and no longer protected Debtors and their property.[14] Debtors did not mention the vehicle at issue or the debt to ABU at that

---

[10] This counseling is not a service provided by the Court.

[11] Debtors' pleading also included, among other things, the statement "we are requesting that the automatic stay and notices to creditors be in place and we have our hearing on May 3, 2012 at 10:00 A.M." However, Debtors did not file an appropriate or timely request to extend the stay pursuant to § 362(c)(3) at the time the petition was filed or any time thereafter,

[12] Despite the fact that there was no request to expedite this hearing, the Court scheduled it quickly due to the nature of the matter, rather than waiting until the previously-scheduled May 3rd hearing date. The hearing notice stated that it would be a hearing on the "Motion to Reconsider Order Granting Trustee's Request for Dismissal with Prejudice re: Credit Counseling filed March 16, 2012." (Doc. No. 16).

[13] Doc. No. 11.

[14] *See In re Jupiter*, 344 B.R. 754, 759-60 (Bankr. D.S.C. 2006) (finding that § 362(c)(3)(A) terminates the automatic stay with respect to the debtor as well as the property of that debtor's estate); *see also* 11 U.S.C. § 362(c)(3)(B) (allowing a party in interest to move to extend the automatic stay as to all creditors if a hearing is held within thirty days of the petition date and if the moving party demonstrates that the current

hearing. In addition, the debt and asset were not listed on Debtors' schedules at that time and Debtors had handwritten "NONE" in the portion of their proposed Chapter 13 plan where this debt could have been included.

As a result of the reconsideration, a second Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was issued by the Court on April 6, 2012.[15] Again, this notice was not served on ABU because this creditor was not listed by Debtors in their bankruptcy case.

On April 24, 2012 at 11:11 a.m. per the Court's time stamp, Amended Schedules were received from the Debtors.[16] These documents, dated April 23, 2012, added creditor ABU Auto Sales, 1532 Laurens Road, Greenville, SC 29607 to Schedule D, disclosing a debt to this creditor in the amount of $17,837, and indicating that the debt would be paid through the Debtors' Chapter 13 plan. Amended Schedule B added a 2002 Mercedes Benz[17] financed by ABU, valued by the Debtors at $13,875. Debtors filed an amended Chapter 13 Plan on the same day,[18] proposing to pay the debt to ABU with payments of $150 per month with interest of 5.25% until the debt is paid in full. The Plan spans a sixty month period (total payments proposed $9,000). Debtors' pleadings, dated on the April 23, 2012, indicate that the documents "**will be mailed** to the new creditor on 04/24/12."

---

case was filed in good faith); SC LBR 4001-1(b) (explaining when and how a Motion to Extend the Automatic Stay pursuant to § 362(c)(3) should be filed to ensure that it is heard before expiration of the stay).
[15] Doc. No. 28.
[16] Doc. No. 37.
[17] This asset was not listed on the Debtors' original Schedule B or in the original plan. The original schedules listed only a 1988 Honda Accord valued at $100, and included two debts with "repossession" in the debt description.
[18] Doc. No. 38.

On April 26, 2012, the Court received a pleading titled "Motion to Return Vehicle/Motion for Damages" demanding that ABU be required to return the Mercedes and be held liable for damages for a willful violation of the automatic stay.[19] The pleading stated that at 4:00 p.m. on April 24, 2012, the car was repossessed by ABU and damaged. Debtors also filed a request for an emergency hearing to consider this Motion, referencing mailing of the notice of the bankruptcy case to the creditor on April 24, 2012, and stating that ABU was notified by phone as well, with a case number included.[20] The Court issued an Order scheduling a hearing, sent notice to ABU, and this hearing resulted.

At the hearing, the ABU representative disagreed with Debtors' version of the facts. He also advised the Court that Debtors purchased this car shortly before the bankruptcy was filed and are in default after various broken promises of payment and opportunities to make payment arrangements. He advised that due to the short notice of the hearing—and of the bankruptcy proceeding itself—ABU had not yet had an opportunity to retain counsel.

Responding to the Court's questions, Debtors reported that the vehicle is not currently insured and they could not specifically recall when the insurance was last paid for or in place. When questioned about payment of the debt in the Plan, Debtors advised that after they added this creditor and asset to their schedules, they hoped to value the vehicle and pay less than the full purchase price. However, they also admitted that this may not be possible under the law since the car was purchased so recently.[21]

---

[19] Doc. No. 40.
[20] Doc. No. 41.
[21] *See* 11 U.S.C. § 1325(a)(*) ("hanging paragraph").

5

On May 2, 2012, Debtors also filed a document titled "Motion for Violation of Automatic Stay," citing as authority § 362(c)(4)[22] and requesting relief similar to their first Motion.

### DISCUSSION AND CONCLUSIONS OF LAW

It appears undisputed that the vehicle is owned by one or both of the Debtors, was repossessed post-petition, and remains in the possession of ABU at this time. The vehicle is property of the estate pursuant to § 541(a). Section 542 provides:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). Courts have held that a repossessed vehicle not yet sold must be returned to a Chapter 13 debtor. *See Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699 (7th Cir. 2009). Even if the car is returned, however, these Debtors cannot rely on § 362 to support their continued possession of the vehicle because "the stay . . . with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing . . ." of the bankruptcy case. 11 U.S.C. § 362(c)(3)(A).[23] Therefore, the stay expired before the car

---

[22] This provision of the Bankruptcy Code does not provide relief for an alleged violation of the automatic stay. Rather, § 362(c)(4) states:
> (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

11 U.S.C. § 362(c)(4).

[23] The full text of the relevant provision of the Bankruptcy Code provides:
> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within

6

was repossessed. *See In re Jupiter*, 344 B.R. 754, 759-60 (Bankr. D.S.C. 2006) (finding that § 362(c)(3)(A) terminates the automatic stay with respect to the debtor as well as the property of that debtor's estate).

However, any interest the Debtors have in the vehicle is property of the estate. Therefore, the Court must consider whether turnover pursuant to § 542 is required. After a review of the facts, it appears that turnover of the vehicle would be futile. Although

---

    the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
        (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
        (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
        (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
            (i) as to all creditors, if--
                (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
                (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--
                      (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
                      (bb) provide adequate protection as ordered by the court; or
                      (cc) perform the terms of a plan confirmed by the court; or
                (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
                      (aa) if a case under chapter 7, with a discharge; or
                      (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
            (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor . . .

11 U.S.C. § 362(c)(3). It is evident to the Court that even if Debtors had timely requested an extension of the stay, it would have been highly unlikely for them to meet the high standard set forth in § 362(c)(3), as a result of Debtors' failure to schedule the vehicle in question and the debt to ABU. Further, the Trustee did not request an extension of the stay and did not join in Debtors' request for turnover of property.

7

any interest Debtors have in the vehicle may be property of the estate pursuant to § 541(a) and may be subject to turnover under § 542, Debtors' interest in this vehicle appears to be of inconsequential value or benefit to the estate. In addition, Debtors face insurmountable challenges to any continued use of the vehicle pursuant to § 363. This decision is based on the specific and unusual facts of this case found in the Court's records and as proffered at the hearing by the parties, including the following: 1) this is Debtors' third bankruptcy case; 2) Debtors failed to schedule the claim of this creditor until more than fifty days after the case was filed; 3) the creditor was scheduled two days before the filing of the turnover request; 4) until recently, Debtors failed to schedule or disclose the asset that they now seek to recover; 5) the property is not insured; 6) Debtors have not proposed an arguably confirmable plan dealing with this claim; 7) the vehicle was purchased shortly before the petition was filed and Debtors were in default shortly thereafter; and most compelling, 8) the automatic stay has expired with no confirmed plan in place. Finally, since the vehicle was repossessed from Debtors after the stay expired, Debtors cannot prove any willful violation of the stay or any resulting damages.

**IT IS THEREFORE, ORDERED**:

1. that Debtors' *Motion to Return Vehicle/Motion for Damages* is **DENIED**; and
2. that Debtors' *Motion for Violation of Automatic Stay* is **DENIED**.